IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ROBERT A. BROWNING and**
**LISA B. BROWNING**                                                                                 **PLAINTIFFS**

**v.**                                                                   **CIVIL ACTION NO. 2:10-CV-170-KS-MTP**

**NEW SOUTH FEDERAL SAVINGS BANK, et al.**                                       **DEFENDANTS**

### ORDER TO SHOW CAUSE

Plaintiffs filed their Complaint in this Court on July 2, 2010. They are Mississippi residents, and they named at least one Mississippi resident – Doug Nobles – as a Defendant. However, they alleged that Defendants had violated the Real Estate Settlement Procedures Act ("RESPA"), a federal law.[1] On February 27, 2011, Plaintiffs filed their First Amended Complaint. They again asserted claims against nonresident defendants, but they omitted the previously asserted RESPA claim and expressly stated that they do not make any claims arising out of federal law.

It is not necessary for the Court to brief the parties on federal subject matter jurisdiction. It is axiomatic that federal courts are courts of limited jurisdiction. *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010). First, this Court has "original jurisdiction of all civil actions

---

[1] 12 U.S.C. §§ 2601-2617.

1

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Second, this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

Plaintiffs have not asserted a federal claim, and complete diversity does not exist in this action. Neither Plaintiffs nor any Defendant have filed a motion to dismiss on this basis. However, Defendant LPP Mortgage Ltd. ("LPP") briefly addressed this issue in its response to Plaintiffs' motion to amend their initial Complaint. Therein, LPP argued that elimination of Plaintiffs' previously asserted RESPA claim would not deprive the Court of subject matter jurisdiction, as the Federal Deposit Insurance Corporation ("FDIC") had been appointed as Receiver for Defendant New South Federal Savings Bank ("New South"). *See* 12 U.S.C. § 1819(b)(2)(A). However, as far the Court is aware, Plaintiff has not served New South with process, and New South has not otherwise entered an appearance in this action.

Accordingly, the Court orders the parties to show cause as to why this matter should not be dismissed for lack of subject matter jurisdiction. Each party shall file a brief with fourteen (14) days of the entry of this order. If any party desires to file a brief in response to another party's initial brief, they shall do so within seven (7) days of the filing of the brief to which they are responding. Rebuttals should not be necessary, but any party

wishing to file one may seek the Court's leave to do so at the appropriate time.

SO ORDERED AND ADJUDGED this 18th day of May, 2011.

> *s/ Keith Starrett*
> UNITED STATES DISTRICT JUDGE